*In re* VERNIA, Bankrupt.

(*District Court, D. Kentucky.* ——, 1880.)

1. BANKRUPTCY—DISCHARGE—BOOKS OF ACCOUNT—CASE IN JUDGMENT.
   Although a merchant need not keep his books after the most approved methods to entitle him to a discharge as a bankrupt, he must have kept *accounts* and *books* so that a competent accountant may, from the books themselves, ascertain his true financial condition. *Held*, therefore, that where a bankrupt kept no books except a small pocket memorandum-book, in which he entered each day his cash received and cash paid out; a blotter, in which he entered his daily credit sales; and a book in which he kept accounts with those to

whom he sold on a credit, all imperfectly kept, he was not entitled to a discharge, even though from these books and his invoices kept on file it may have been possible, with such memoranda, to make up proper accounts.

2. SAME SUBJECT—FRAUDULENT PREFERENCES—CARE OF ASSETS.

A merchant, being insolvent, permitted and authorized certain creditors to take away his goods in payment of their debts. *Held,* that he could not be discharged. Not only were the preferences fraudulent, but it was his duty to protect his assets against such losses.

In Bankruptcy.

The bankrupt, being a small retail grocery and liquor merchant, kept no books except a small pocket memorandum-book, in which each day he entered his cash received and cash paid out, which was lost and never produced; a blotter, in which daily sales on credit were entered; and a kind of ledger, in which accounts for goods sold on credit were kept against the purchasers. These were imperfectly and negligently kept, and his discharge was opposed for not keeping proper books of account. He kept his invoices on file, and it was contended in his behalf that, from that and the books he kept, proper accounts could be made up and his financial condition ascertained.

One of the bankrupt's creditors having obtained judgment against him, issued execution and levied on his goods, the sheriff leaving them with the bankrupt. His creditors came, and without objection helped themselves to the goods, taking them away on drays and wagons. These facts were specified in opposition to his discharge.

*James Campbell, Jr.,* for the creditors.

*J. C. Gilbert,* for the bankrupt.

HAMMOND, D. J., (*sitting by designation.*)    The discharge in this case must be refused. The cash-book mentioned in the proof has not been produced, but, taking all the bankrupt says as to his mode of keeping it to be true, and inspecting the two books he does produce, it sufficiently appears that he did not keep such books of account as the business in which he was engaged required. He kept no merchandise account, no expense account, no account of the purchases made by him, and certainly no proper accounts of anything except of

sales made on a credit, which appear to be very imperfect. It is true that the law does not require a merchant to keep his books after the most approved methods of book-keeping, but it does require that his accounts shall be so kept that a competent accountant can, from the books themselves, ascertain his true financial condition. If this can be done, the form in which they are kept is of no consequence. *Re Archenbrown*, 12 N. B. R. 17, and cases cited; *Re Antisdel*, 18 N. B. R. 290.

There may have been in his store, in the shape of invoices and other papers, such memoranda of the facts that proper accounts could have been made up by extraordinary efforts to disentangle them; but this will not do. He must by his *books*, and the entries in them, under proper *accounts*, however informal, be enabled to show the condition of his business. The books relied on here do not come up to this requirement.

The other specifications are very informal, and, on demurrer or exception, would not be held sufficient, because they do not, by requisite averments, show that the creditors had knowledge of the insolvency of the bankrupt, or reasonable cause to believe it, and knew a fraud on the law was intended. But they were not objected to by the bankrupt, and, having taken issue on them, it is now too late to make that objection. The proof abundantly shows that he was insolvent, and that the creditors knew it, and intended to take an unlawful preference. It shows, on the part of the bankrupt, a most reckless disregard of the rights of his creditors, and his obligations to the bankrupt law, if he desired its benefits. The fact that his goods had been levied on by execution did not relieve him from these obligations. The sheriff acquired title to sufficient goods to satisfy the execution, but there were largely more goods than would satisfy it, and it was the duty of the bankrupt to protect them, instead of inviting or permitting his creditors to help themselves to such as they wanted.

Let an order be entered denying the discharge.